IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COLLEEN CURLEY,                )
                               )
            Plaintiff,         )
                               )
      v.                       ) Civil Action No. 09-1400
                               )
MICHAEL J. ASTRUE,             )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
            Defendant.         )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 23rd day of February, 2011, upon due consideration of plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted.[1]

---

[1] On April 21, 2010, the court issued a scheduling order in this case (Document No. 7) requiring plaintiff to file her summary judgment motion and supporting brief by May 21, 2010, and requiring defendant to file his summary judgment motion and brief by June 21, 2010. Plaintiff failed to comply with that order. Due to plaintiff's failure to timely file her motion and brief, and in consideration of her status as a pro se litigant, the court subsequently entered an order dated June 8, 2010 (Document No. 8) re-setting the deadlines for the parties to submit their respective motion and brief. Plaintiff was ordered to file her motion and brief by June 23, 2010, and defendant's deadline was July 23, 2010. The June 8, 2010, order further stated if plaintiff failed to comply with the new briefing deadlines, the court would proceed to review this case after defendant filed his motion and brief. Plaintiff did not file a summary (continued ...)

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her DIB and SSI applications on May 4, 2006, alleging disability beginning January 1, 2004, due to bipolar disorder, back problems, opiate addiction and depression. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on March 31, 2009, at which plaintiff, who was represented by counsel, appeared and testified. On May 1, 2009, the ALJ issued a decision finding that plaintiff is not eligible

---

judgment motion and brief by June 23, 2010, as required by the court's order, nor did she request any additional time to do so. Defendant timely filed his summary judgment motion and brief in compliance with the court's order. Thus, the court will review this case based on the pleadings and evidence of record.

AO 72
(Rev. 8/82)

for DIB and SSI benefits because her substance addiction is a contributing factor material to her disability. On August 28, 2009, the Appeals Council denied plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 26 years old at the time of the administrative hearing and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education, but she does not have any past relevant work experience.

After reviewing plaintiff's medical records, the ALJ found that plaintiff suffers from the severe impairments of polysubstance dependence and bipolar disorder. The ALJ determined, however, that plaintiff's impairments, either alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ applied the regulations governing the analysis of whether substance addiction is a contributing factor material to the determination of disability and found, based on all of plaintiff's impairments including her substance addiction, that she has the residual functional capacity to perform work at all exertional levels, but she is limited by certain non-exertional limitations. Plaintiff is limited to simple, repetitive tasks that do not require dealing with the general public or maintaining close interaction and cooperation with coworkers. In addition,

- 3 -

when using drugs, plaintiff likely would engage in verbal confrontations with coworkers and supervisors, and she likely would be absent from work more than two times per month. Taking into account all of plaintiff's impairments, including substance addiction, the ALJ found that plaintiff's vocational factors and residual functional capacity precluded her from performing any work that exists in the national economy.

As required by the regulations, the ALJ next considered whether, absent substance addiction, plaintiff's remaining severe impairment of bipolar disorder produced work-related limitations that still rendered her disabled. The ALJ found that absent substance addiction, plaintiff's residual functional capacity would be the same as set forth above, except that she would not engage in verbal confrontations with coworkers and supervisors, and she would not be absent from work more than two times per month. Based on the vocational expert's testimony, the ALJ then concluded that absent substance addiction, plaintiff's vocational factors and her residual functional capacity permit her to perform work that exists in significant numbers in the national economy, such as a housekeeper, assembler or stock checker. Accordingly, the ALJ found that plaintiff would not be disabled if she stopped using drugs, rendering her ineligible for benefits under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).

The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B). However, the Act also expressly provides that "an individual shall not be considered to be disabled ... if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§423(d)(2)(C), 1382c(a)(3)(J).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

However, where a claimant is found disabled and there is medical evidence of alcoholism or drug addiction, the regulations require the ALJ to determine whether the claimant's alcoholism or

- 5 -

drug addiction "is a contributing factor material to the determination of disability." 20 C.F.R. §§404.1535(a), 416.935(a). The process for making that determination is spelled out in the regulations as follows:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

20 C.F.R. §§404.1535(b), 416.935(b).

If the ALJ concludes based on the foregoing process that the claimant's remaining limitations would not be disabling, then he will find that substance addiction is a contributing factor material to the determination of disability, and the claimant will be ineligible for benefits. 20 C.F.R. §§404.1535(b)(2)(i), 416.935(b)(2)(i). Conversely, if the ALJ determines that the claimant's remaining limitations are disabling, the claimant is disabled independent of her substance addiction, and the ALJ will find that the claimant's substance addiction is not a contributing factor material to the determination of disability. 20 C.F.R. §§404.1535(b)(2)(ii), 416.935(b)(2)(ii).

In this case, the ALJ initially considered all of plaintiff's impairments, including her substance addiction, and found that she

AO 72
(Rev. 8/82)

is disabled. In accordance with 20 C.F.R. §§404.1535 and 416.935, the ALJ then considered whether plaintiff still would be disabled by her other severe impairment if she stopped using drugs. Absent plaintiff's substance addiction, the ALJ determined that the functional limitations which result from her remaining severe impairment does not preclude her from performing work that exists in the national economy. Accordingly, the ALJ concluded that plaintiff's substance addiction is a contributing factor material to the disability determination and therefore found her to be ineligible for benefits.

After reviewing the medical evidence of record in this case, the court concludes the ALJ's decision that plaintiff's substance addiction is a contributing factor material to the determination of disability is supported by substantial evidence. Plaintiff admitted that she was addicted to heroin and oxycontin and used those drugs on a daily basis for years. (R. 242). Plaintiff had been referred to SPHS Behavioral Health for substance abuse treatment, but attended only six sessions and withdrew from treatment against medical advice. (R. 249). Plaintiff also was referred to Pyramid Healthcare for an inpatient substance abuse treatment program, but left the program five days after she was admitted, again against medical advice. (R. 360). When plaintiff was admitted to Pyramid, she underwent a psychological evaluation, which indicated that her affect was bright, her mood was good, her speech was normal, she was oriented to time and place, and she did not have delusional thoughts. (R. 366). The psychological

evaluation does not indicate that plaintiff was disabled from working due to any alleged problems with bipolar disorder. Indeed, the medical evidence of record indicates that plaintiff's bipolar disorder was controlled and improved with medication. (R. 212, 218, 228, 365-66). Accordingly, the ALJ properly determined that absent plaintiff's substance addiction, her residual functional capacity would enable her to perform work that exists in significant numbers in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Colleen Curley
757 6th Street
Oakmont, PA 15139

Albert Schollaert
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219